**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN THE MATTER OF:

LESLIE W. HUMPHREY

CHAPTER **13**
Case No. 16-52700-LSG
Judge LISA S. GRETCHKO

_____Debtor_____

**TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND**
**TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;**
**NOTICE TO CREDITORS OF OBLIGATION TO**
**FILE A RESPONSE AND RIGHT TO OBJECT; AND**
**NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

*Please read this Report carefully. It advises you of certain*
*rights and deadlines imposed pursuant to the law.*
**Your rights may be adversely affected.**

David Wm. Ruskin, Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2015-3(a)(1), reports to the Court that the above-named Debtor has completed all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor's principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

> **IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR HAS PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**
>
> **IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR'S CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**
>
> **PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR, DEBTOR'S COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.**

©2018 David Wm. Ruskin

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if the Court determines that Debtor's is eligible for a Discharge, the Order of Discharge will include findings that:

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured.

Pursuant to E.D. Mich. LBR 2015-3(a)(3), if the Court determines that Debtor's is eligible for a Discharge, the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

### RIGHTS AND DUTIES OF DEBTOR

**Duty of Debtor regarding secured debt obligations:** Every Debtor, regardless of whether the Debtor is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that come due after the date of the Debtor's last payment under the Plan.

*See* E.D. Mich. LBR 2015-3(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Certification Regarding Domestic Support Obligations. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file the Certification Regarding Domestic Support Obligations. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

3. If the Debtor fails to complete and file the Certification Regarding Domestic Support Obligations within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

©2016 David Wm. Ruskin

**RIGHTS AND DUTIES OF CREDITORS**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(4), if any party in interest asserts that:

1. The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtor is not current in any payments the Debtor was authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the Debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2015-3(a)(5), it shall be conclusively determined that:

1. Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured; and

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

                      OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT
                      David Wm. Ruskin, Chapter 13 Standing Trustee

Dated: January 13, 2022          /s/ Lisa K. Mullen
                                      DAVID WM. RUSKIN (P26803)
                                      Attorney and Chapter 13 Standing Trustee
                                      LISA K. MULLEN (P55478)
                                      JOHN P. KAPITAN (P61901)
                                      26555 Evergreen Road Ste 1100
                                      Southfield, MI 48076-4251
                                      Telephone (248) 352-7755

©2018 David Wm. Ruskin

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:
LESLIE W. HUMPHREY

CHAPTER 13
Case No. 16-52700-LSG
Judge LISA S. GRETCHKO

Debtor

**PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

I hereby certify that on January 13, 2022, I electronically filed the TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

Thav Gross Pc
30150 Telegraph Rd Ste 444
Bingham Farms, MI  48025

The parties on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto .

/s/ Deanna Thiel
_____
Deanna Thiel
For the Office of the Chapter 13 Standing Trustee-Detroit
26555 Evergreen Road Ste 1100
Southfield, MI 48076-4251
(248) 352-7755

©2016 David Wm. Ruskin

LESLIE W. HUMPHREY
18645 MURRAY HILL
DETROIT, MI 48235

ALLY FINANCIAL
200 RENAISSANCE CENTER
DETROIT, MI 48243

ARBOR PROFESSIONAL SOLUTIONS
2090 S MAIN
ANN ARBOR, MI 48103

ASHLEY HUMPHREY
228 UNION STREET
APT. 8
PITTSBURGH, PA 15221

CHASE
P O BOX 7013
INDIANAPOLIS, IN 46207

CHASE CARD SERVICES
P O BOX 15298
WILMINGTON, DE 19850

COMERICA BANK
P O BOX 790408
SAINT LOUIS, MO 63179

DISCOVER BANK
% DISCOVER PRODUCTS
P O BOX 3025
NEW ALBANY, OH 43054-3025

DISCOVER FINANCIAL SERVICES LLC
P O BOX 15316
WILMINGTON, DE 19850

DITECH
P O BOX 6172
RAPID CITY, SD 57709-6172

DITECH FINANCIAL LLC
332 MINNESOTA ST STE. 610
SAINT PAUL, MN 55101

DITECH FINANCIAL LLC
P O BOX 94710
PALATINE, IL 60094

ELAN FINANCIAL SERVICES
P O BOX 790084
ST LOUIS, MO 63179

INTERNAL REVENUE SERVICE
P O BOX 330500
STOP 15
DETROIT, MI 48232

INTERNAL REVENUE SERVICE
P O BOX 7346
PHILADELPHIA, PA 19101

LVNV FUNDING LLC
% RESURGENT CAPITAL SERVICES
P O BOX 10587
GREENVILLE, SC 29603-0587

MONEY RECOVERY NATIONWIDE
8155 EXECUTIVE COURT STE 10
LANSING, MI 48917

©2018 David Wm. Ruskin

ORLANS ASSOCIATES PC
P O BOX 5041
TROY, MI 48007

PORTFOLIO RECOVERY
P O BOX 41067
NORFOLK, VA 23541

PORTFOLIO RECOVERY ASSOCIATES LLC
P O BOX 12914
NORFOLK, VA 23541

REAL TIME RESOLUTIONS
P O BOX 35888
DALLAS, TX 75235-0888

REAL TIME RESOLUTIONS INC AS AGENT
FOR RRA CP OPPORTUNITY TRUST
% REAL TIME RESOLUTIONS INC
P O BOX 840293
DALLAS, TX 75284-0923

RRA CP OPPORTUNITY TRUST 1
% REAL TIME RESOLUTIONS INC
P O BOX 35888
DALLAS, TX 75235

SALLIE MAE
300 CONTINENTAL DR
NEWARK, DE 19713

SALLIE MAE BANK
% SALLIE MAE
P O BOX 3319
WILMINGTON, DE 19804

SEARS/CBNA
P O BOX 6283
SIOUX FALLS, SD 57117

SPECIALIZED LOAN SERVICING
8742 LUCENT BLVD #300
HIGHLANDS RANCH, CO 80129

SYNCHRONY BANK
% RECOVERY MANAGEMENT SYSTEMS
CORP
25 SE 2ND AVE #1120
MIAMI, FL 33131-1605

UNVL/CITI
P O BOX 6241
SIOUX FALLS, SD 57117

US ATTORNEY
ATTN CIVIL DIVISION
211 W FORT
#2001
DETROIT, MI 48226

US BANK TRUST NA TE OF CABANA SERIES
III
% SOTTILE & BARILE
394 WARDS CORNER RD STE 180
LOVELAND, OH 45140

US BANK TRUST NA TRUSTEE OF CABANA
SERIES III TRUST
% SN SERVICING CORPORATION
323 FIFTH STREET
EUREKA, CA 95501

©2018 David Wm. Ruskin